## DRAUGHN v. HILL

1. Judgment—Consent Order—Contracts.

Orders of the court, entered pursuant to consent or agreement
of the parties, or upon stipulation, partake more of the nature
of a contract between the parties, sanctioned and approved by
the court, than of a judicial determination of matters in dif-
ference by the court; such orders, because of their foundation
in agreement, are not subject to vacation or modification to
the same extent and upon the same showing as ordinary ad-
judications.

2. Judgment—Consent Orders—Estoppel.

Consent orders are in the nature of a contract between the par-
ties; in the absence of duress or fraud inducing the consent,
the consenting parties are estopped by their agreement and
cannot subsequently attack it.

3. Religious Societies—Elections—Court-Ordered Election.

Court's ordering an election of a church board of trustees was
proper where the church, being without a duly elected board,
had to have a duly constituted and functioning board, the
court-ordered election was desired by and approved by the
factions in the church, and the election order protected all of
the parties' interests.

4. Religious Societies—Sale of Church Property.

Sale of church property by its board of trustees, duly elected
pursuant to a court order, consented to and approved by the

References for Points in Headnotes

[1] 47 Am Jur 2d, Judgments §§ 1080–1095.
[1, 2] 46 Am Jur 2d, Judgments § 897.
    Power to open or modify "consent" judgment.  139 ALR 421.
[3] 45 Am Jur, Religious Societies §§ 21, 22.
    Propriety of disposition of pending action involving controversy
    within religious society or other nonprofit association, by order-
    ing election.  158 ALR 182.
[4] 45 Am Jur, Religious Societies §§ 56–58.

factions in the church, was legal where church decisions concerning property transactions were the responsibility of the board of trustees.

Appeal from Wayne, Cornelia Kennedy, J. Submitted Division 1 November 9, 1970, at Detroit. (Docket No. 7942.) Decided February 16, 1971.

Complaint for injunction by Melvina Draughn and other trustees of the New Testament Baptist Church against Jethro Hill and other trustees of the same church to enjoin the defendants from the use or sale of church property. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Fred G. Burton,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendants.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

HOLBROOK, J. This is an appeal from summary judgment granted in Wayne County Circuit Court.

The original proceedings were filed in the name of the New Testament Baptist Church, an autonomous congregational ecclesiastical corporation located in Detroit, Michigan, against its pastor and others, members of the church, alleging that the pastor and other defendants named were attempting to illegally sell church property on Tireman Avenue and to illegally purchase a new church edifice on Strong Avenue, both in the City of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Detroit.   Plaintiff sought injunctive relief against
the attempted sale and alleged illegal purchase and
prohibition of transfer of personal property belong-
ing to the church to the new location.   Defendants,
at a hearing on the return of an order to show
cause why injunctive relief should not issue, chal-
lenged the right and authority of counsel for plain-
tiff to institute the action on behalf of the corpo-
ration, alleging that such action had not been
authorized by a majority of the trustees of the
corporation.   An uncontroverted affidavit of a
member of the board of trustees, filed by de-
fendants, supported their claim.   The court ruled
that an action could not be maintained on be-
half of the corporation at the request of individual
trustees.

The court permitted two trustees, upon petition
filed by them, to be substituted as parties plaintiff.
Together with other members of the church inter-
vening as parties plaintiff, they filed an amended
complaint containing the same allegations of illegal
action by defendants and requesting the same relief.
The amended complaint averred, among other
things, that defendant pastor, without prior notice
to membership or officers, had proposed on Novem-
ber 5, 1967, that a vote of the congregation be taken
concerning a sale of the church building on Tireman
and purchase of another building; and that out of
approximately 80 members, the vote was 14 in favor
of the sale and five opposed, others abstaining be-
cause of claimed improper procedure surrounding
the vote.

On July 15, 1968, the court, being of the opinion
that the matters contained in the complaint could
best be resolved by an election of a new board of
trustees, issued an order *sua sponte* for an election
to be held at a place and time to be announced by

the court, all members of the church who could have voted at the November 1967 annual election being qualified to participate therein.    All parties approved the order as to both form and substance. Both sides, pursuant to the order, prepared and submitted separate lists of qualified voters.    The congregations from both the Tireman and Strong Avenue locations proposed slates of five trustees each.    The election was held October 16 and 19, 1968, without objection by any party, and with all qualified voters being allowed to vote.    As a result of the election, the entire slate proposed from the Strong Avenue location was elected and duly constituted the official board on January 2, 1969.

On January 14, 1969, the court denied a motion by plaintiffs, filed October 25, 1968, with supporting affidavit, to set aside the election of trustees of the New Testament Baptist Church.    The affidavit of one of the duly-elected trustees stated that he had never authorized any person to use his name as a candidate for the office of trustee in the election theretofore held; that the only communication concerning the election was through letters received announcing the date, place, and time of election; that he was not a candidate because he was not informed as to the purpose of the election and had announced to both sides that he did not want to be a party to any litigation concerning the church; and that he was at all times opposed to selling the church property on Tireman Avenue in Detroit.    The court, in ruling upon the motion, stated in its opinion in part as follows:

"Plaintiffs seek to set aside the election, both on the basis that one of the trustees was elected who had not consented to run for election and did not wish to stand for election, and further on the grounds that the court was without jurisdiction to

conduct such an election which, it is alleged, interfered with the ecclesiastical affairs of the church.

*     *     *

"With regard to the election of trustees conducted under the supervision of the court, this election was consented to by all of the parties to this action; the manner in which it was conducted was likewise consented to. It was held primarily to protect the rights and interest of the plaintiffs in this action and in order to maintain the corporate identity of the New Testament Baptist Church. The board of trustees elected prior to November of 1967 was not functioning. There was some doubt as to the validity of the election of trustees chosen by those who moved to Strong Avenue, since those members of the church who continued to worship at the Tireman edifice may not have received notice of the election. Since the church could not function as a corporation without properly elected trustees, the election was ordered and, in the court's opinion, was fairly conducted."

The new board of trustees, at a special meeting held January 20, 1969, at which three board members were present, resolved to sell the Tireman Avenue property, and ratified the purchase of the Strong Avenue property. The court, in its opinion denying defendants' motion for summary judgment, filed April 23, 1969, noted that the January action was irregular because one of the three voting for the action was ineligible to vote. The court, while recognizing that the deficiency in the board's action would undoubtedly be corrected at a subsequent meeting, ruled that the action of the board was invalid.

On June 21, 1969, the board of trustees, with four of the members present, at a duly-convened meeting, took action again approving sale of the Tireman

Avenue property and purchase of the Strong Avenue property. Subsequent to this action of the board, on August 12, 1969, the court granted defendants' renewed motion for summary judgment, filed July 2, 1969, dismissing plaintiff's complaint and amended complaint with prejudice.

The issue which is determinative of this appeal is stated as follows:

Was the action taken by the board of trustees of the New Testament Baptist Church, as that board was elected pursuant to court order, binding upon plaintiffs?

Plaintiffs claim, among other things, that the trial court committed error in substituting an election of a board of trustees of the New Testament Baptist Church for a trial to which plaintiffs, on appeal, claim they were entitled on their pleadings.

In 6 Callaghan's Michigan Pleading and Practice, § 42.05, p 452, it is stated in part:

"Judgments or decrees, and even orders of the court, entered pursuant to consent or agreement of the parties, or upon stipulation, are more or less in a class by themselves. They partake more of the nature of a contract between the parties, sanctioned and approved by the court as such, than of a judicial determination of matters in difference by the court. Or in other words, such a judgment may be described as not the judgment of the court but the judgment of the parties. Such judgments, decrees or orders, because of their foundation in agreement, are not subject to vacation or modification to the same extent and upon the same showing as ordinary adjudications."

Further, in 1 Callaghan's Michigan Pleading and Practice, § 19.33, p 620, it is stated:

"Consent orders, since they rest upon agreement of the parties and may even amount to the embodiment of a binding contract between them, are in a

somewhat different category from ordinary orders entered against the desire or without the consent of the opposite party. Such an order will not be vacated unless fraud or misrepresentation, wrongfully inducing the consent, is made to appear. In the absence of some factor, such as duress or fraud, which would invalidate a purported contract, the parties are bound or estopped by their agreement and cannot subsequently attack it."

The record in the instant case reveals that the trial court's order of July 15, 1968, for a new election of a board of trustees, was consented to by the parties on both sides of this dispute, and approved by the respective attorneys "as to form and substance". Both sides, pursuant to the order, submitted slates of five proposed trustees each, and all eligible members of the church, pursuant to membership lists formulated by the respective sides, who were desirous of voting in the election, were given the opportunity so to do. There is no question but that the election was fairly conducted.

Four board members, as duly elected, and aside from the member who, after the election and by affidavit, stated that he had not desired, nor consented, to stand for election, approved the transfer of the church to the Strong Avenue location, and took the necessary action to put the transfer into effect. We note that plaintiffs do not show, nor do we find, any requirement in the by-laws of the church that candidates for the board of trustees must consent to having their names placed upon the ballot.

The propriety of the court's ordering of the election is, under the facts in this case, determined by necessity. It was necessary for the court to order the election so as to bring into existence a duly constituted and functioning board, because the church was at the time without a duly elected board of

trustees.  The trial judge's action was necessary under the facts.  *Russian Orthodox All Saints Church* v. *Darin* (1923), 222 Mich 35.  Such action was desired and duly approved by the two factions within the church.  The court's order for a new election was made so as to protect all the parties' interests, by affording the church membership an opportunity to properly elect a functioning board. The election was participated in by both factions. Plaintiffs concede that decisions within this congregational Baptist church involving property transactions are the responsibility of the board of trustees. We rule, therefore, that, under the facts here existing, the board of trustees was duly elected and qualified to transact the business of the corporation. The action taken by the board, as regards the church property in question, was legal and cannot now be asserted as error.

Because of our determination here, the questions raised are moot.

Affirmed.  Costs to defendants.

All concurred.