BALABUCH v BALABUCH

Docket No. 137826. Submitted February 17, 1993, at Lansing. Decided
        May 18, 1993, at 9:15 A.M.

    Brenda M. Balabuch and David A. Balabuch were granted a
        divorce by the Oakland Circuit Court. Subsequently, the court,
        Rudy J. Nichols, J., without conducting a hearing, entered an
        order modifying the judgment of divorce to increase the defen-
        dant's, David Balabuch's, child support payments pursuant to
        the recommendation of a friend of the court referee who
        conducted a hearing. Before the matter was submitted to the
        referee, the parties had consented to the entry of an order
        providing that the recommendation of the referee would be
        binding. The defendant appealed.

    The Court of Appeals *held:*

    Absent a showing of duress or fraud, the defendant is bound
        by the agreement to accept the referee's recommendation.
        There has been no showing of duress or fraud.

    Affirmed.

DIVORCE — CHILD SUPPORT — MODIFICATION — FRIEND OF THE COURT.

    Absent a showing of duress or fraud, opposing parties who in a
        consent order agree to accept the recommendation of a referee
        of the friend of the court with regard to modification of child
        support are bound by the recommendation as adopted by the
        court in a subsequent order.

*Cary A. Storehan,* for the plaintiff.

*D. Ann Parker,* for the defendant.

Before: CORRIGAN, P.J., and SHEPHERD and MC-
DONALD, JJ.

PER CURIAM. Defendant appeals from a January

REFERENCES
Am Jur 2d, Divorce and Separation §§ 1078, 1079.
Divorce: power of court to modify decree for support of child which
   was based on agreement of parties. 61 ALR3d 657.

30, 1991, order modifying the parties' judgment of divorce. Defendant contends the court improperly modified the amount of his child support payments because the modification was based on an evidentiary hearing and recommendation of a friend of the court referee rather than on an evidentiary hearing conducted by the court. We disagree and affirm.

Before the matter was submitted to the friend of the court for hearing and recommendation, both parties signed an order stating the decision of the friend of the court referee would be binding. Thus, contrary to defendant's assertions, the court did not improperly delegate its discretion in setting child support to the friend of the court. Instead, the court properly enforced an agreement reached by the parties. Absent a showing of some factors such as duress or fraud, defendant is bound by the parties' agreement to accept the recommendation of the friend of the court referee. See *Draughn v Hill,* 30 Mich App 548; 186 NW2d 855 (1971).

Affirmed.