DeVormer v DeVormer

Docket No. 216986. Submitted January 4, 2000, at Grand Rapids. Decided
    April 21, 2000, at 9:20 A.M.

    Julie K. DeVormer, now known as Julie K. Gage, was granted a judg-
    ment of divorce from James E. DeVormer in the Ionia Circuit
    Court. The judgment of divorce provided that the defendant had no
    present right of visitation with the parties' minor son and no future
    visitation until approved by the court. While the divorce action was
    pending, the defendant was sentenced to four to fifteen years'
    imprisonment for a conviction of second-degree criminal sexual
    conduct (sexual contact with a person under thirteen) for acts
    involving the plaintiff's daughter from a previous marriage. After
    the defendant was released from prison, he filed a motion seeking
    parenting time with his son. The plaintiff opposed the motion. A
    friend of the court referee recommended that the motion be
    denied, relying on MCL 722.27a(5); MSA 25.312(7a)(5), which pro-
    vides that an individual convicted of certain criminal sexual con-
    duct crimes involving "the individual's child" shall not be granted
    parenting time with the victim or sibling of the victim without the
    consent of both the other parent and the child, if the child is of suf-
    ficient age to express its desires. The defendant filed an objection
    to the referee's recommended order and a hearing de novo was
    held before the circuit court, Charles W. Simon, Jr., J., which
    rejected the defendant's arguments and affirmed the denial of the
    motion, finding that the statute applied because the defendant was
    in loco parentis to the criminal sexual conduct victim. The defend-
    ant appealed by leave granted.

    The Court of Appeals held:

    The Legislature specified that in order for the statute to apply,
    the child victim must be "the individual's child." The statutory lan-
    guage is not ambiguous. The requirement that the "child's other
    parent" must consent suggests that there must be either a biologi-
    cal parental relationship or a legal parental relationship, such as
    adoption, between the individual and the child victim. The plain-
    tiff's daughter is not the defendant's child for purposes of the stat-
    ute. The court erred in denying the defendant's motion on the basis
    of subsection 7a(5). The court's order must be reversed and the
    matter must be remanded for a determination by the trial court

240 MICH APP 601

pursuant to MCL 722.27a(1); MSA 25.312(7a)(1) whether granting
the defendant parenting time with his son would be in his son's
best interest.

Reversed and remanded.

PARENT AND CHILD — PARENTING TIME — CRIMINAL SEXUAL CONDUCT — WORDS
AND PHRASES.

The provision in MCL 722.27a(5); MSA 25.312(7a)(5) providing that if
an individual is convicted of certain criminal sexual conduct crimes
and the victim is "the individual's child," parenting time shall not be
granted with the victim or a sibling of the victim without the con-
sent of both the other parent and the child, if the child is of suffi-
cient age to express its desires, applies where there is a biological
parental relationship or a legal parental relationship, such as adop-
tion, between the individual and the child victim but does not apply
where the child victim is a stepchild of the individual.

*McKaig and Balice* (by *Lawrence P. McKaig*), for
the plaintiff.

*Law Group of Rademaker & Kelley, P.C.* (by *Amy
M. Rademaker*), for the defendant.

Before: SAWYER, P.J., and GRIBBS and MCDONALD, JJ.

PER CURIAM. Defendant appeals by leave granted a
circuit court order denying his motion for parenting
time with his son pursuant to MCL 722.27a(5); MSA
25.312(7a)(5). We reverse and remand for the trial
court to determine whether awarding parenting time
to defendant would be in the best interest of the
child.

The relevant facts are not disputed. Plaintiff and
defendant were married in 1989. Plaintiff had a
daughter from a previous marriage. Plaintiff and
defendant had a son, Jacob, during their marriage,
who is the child involved in the present dispute.
Jacob was born January 15, 1992. On October 18,
1993, defendant pleaded guilty of second-degree crim-
inal sexual conduct, MCL 750.520c(1)(a); MSA

28.788(3)(1)(a) (sexual contact with a person under thirteen) for acts involving plaintiff's daughter. Shortly thereafter, on November 17, 1993, plaintiff filed for divorce. While the divorce was pending, defendant was sentenced to four to fifteen years' imprisonment for his criminal sexual conduct conviction. The interim order for custody, visitation, and child support granted sole custody of Jacob to plaintiff and reserved the issue of visitation, noting that "visitation may be established upon [defendant's] release from incarceration by petition to the [c]ourt." The divorce judgment was entered June 17, 1994, and provided that defendant had "no present right of visitation" with his son and "no future visitation until approved by the [c]ourt."

Defendant was released from prison in December 1997. On February 17, 1998, he filed a motion seeking visitation with his son. Defendant alleged that while incarcerated he completed a twenty-four-month program of group psychotherapy for sex offenders with one hundred percent attendance and that he was continuing his counseling outside prison. Defendant also claimed that he had not received any misconduct tickets while incarcerated and that his parole agent was not opposed to defendant's seeking supervised parenting time with his son. Plaintiff opposed defendant's motion, alleging that defendant posed a danger to Jacob.

Defendant's motion was initially heard before a friend of the court referee. The referee brought MCL 722.27a(5); MSA 25.312(7a)(5) to the attention of the parties. This statute provides that if an individual is convicted of certain criminal sexual conduct crimes and the victim is "the individual's child," parenting

time shall not be granted with the victim or a sibling of the victim without the consent of both the other parent and the child, if the child is of sufficient age to express the child's desires. Defendant argued that the statute did not apply because the criminal sexual conduct victim was not his child. However, the referee found that the statute applied because the victim was defendant's stepchild and because defendant was in loco parentis to her. The referee noted that at the time of the crime, the victim looked to defendant as a parent. The referee found it was clear that Jacob was a sibling of the victim. In light of plaintiff's refusal to consent to granting defendant parenting time with Jacob, the referee recommended denying defendant's motion under the statute.

Defendant filed objections to the referee's recommended order and a hearing de novo was held before the circuit court. The circuit court rejected defendant's arguments and found that the statute applied because defendant was in loco parentis to the victim. Moreover, the court found the statute was clearly intended to protect the sibling of the victim and that Jacob clearly was her sibling. The court also rejected defendant's argument that applying the statute in this case was an improper retroactive application of the statute.

Defendant raises the same arguments on appeal as he did in the lower court. We first address the application of the statute. The issue of statutory construction of subsection 5 of § 7a of the Child Custody Act is an issue of first impression. The subsection provides:

Notwithstanding other provisions of this act, if an individual is convicted of criminal sexual conduct as provided in

sections 520a to 520e and 520g of Act No. 328 of the Public Acts of 1931 and the victim is the individual's child, the court shall not grant parenting time with that child or a sibling of that child to that individual, unless both the child's other parent and, if the court considers the child or sibling to be of sufficient age to express his or her desires, the child or sibling consent to the parenting time. [MCL 722.27a(5); MSA 25.312(7a)(5).]

Defendant admits that he has been convicted of an enumerated offense of criminal sexual conduct. The question is whether the victim of the offense of which he was convicted, defendant's stepdaughter, is his "child" under the statute. Subsection 5 does not define the term "child," but it is defined in § 2 of the Child Custody Act as "minor child and children." MCL 722.22(c); MSA 25.312(2)(c). This definition does not address the issue presented in this case.

Statutory interpretation is a question of law that this Court reviews de novo. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The starting point in every case involving construction of a statute is the language itself. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993); *Colbert v Conybeare Law Office*, 239 Mich App 608, 618; 609 NW2d 208 (2000). Nothing will be read into a statute that is not within the manifest intent of the Legislature as gathered from the act itself. *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998). Accordingly, if the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the language as

written. *Rowell v Security Steel Processing Co*, 445 Mich 347, 353; 518 NW2d 409 (1994); *State Defender Union Employees v Legal Aid & Defender Ass'n of Detroit*, 230 Mich App 426, 431; 584 NW2d 359 (1998). Where the language employed by the Legislature is susceptible to more than one interpretation, judicial construction is justified. *Rowell, supra* at 353.

We do not believe the statutory language in this case is ambiguous. The Legislature specified that in order for the statute to apply, the child victim must be "the individual's child." The Legislature chose this narrow term rather than the broad terms it used to describe the relationship between the perpetrator and the victim in the criminal sexual conduct statutes. For example, the offense that defendant was convicted of in this case involves sexual contact. In this case, defendant was convicted of second-degree criminal sexual conduct because his actions involved a person under the age of thirteen. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). However, a person may also be convicted of second-degree criminal sexual conduct when their victim is between the ages of thirteen and sixteen years old and "[t]he actor is a member of the same household as the victim," or "[t]he actor is related by blood or affinity to the fourth degree to the victim," or "[t]he actor is in a position of authority over the victim and the actor used this authority to coerce the victim to submit." MCL 750.520c(1)(b)(i), (ii), (iii); MSA 28.788(3)(1)(b)(i), (ii), (iii). The first-degree criminal sexual conduct statute, which involves sexual penetration, makes the same distinctions. MCL 750.520b; MSA 28.788(2). In addition, where the sexual penetration is with a person who is between the ages of thirteen and sixteen and these

relationships do not exist between the perpetrator and the victim, the perpetrator is guilty of third-degree criminal sexual conduct, rather than first-degree criminal sexual conduct. MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). Moreover, the Legislature defined the term "child" extensively in the Revised Probate Code, and that definition specifically excludes a stepchild. MCL 700.3(4); MSA 27.5003(4). Furthermore, under subsection 5, in order for parenting time to be granted to an individual convicted of criminal sexual conduct involving that individual's child, the "child's *other parent*" must consent. This phrase implies that there are only two parents of the child, suggesting either a biological parental relationship or a legal parental relationship, such as adoption, exists between the individual and the child victim. For all these reasons, we believe that subsection 5 can be interpreted only one way, and, therefore, it is not ambiguous. Under the plain language of the statute, plaintiff's daughter is not defendant's child for purposes of subsection 5.

We note the trial court partially relied on its conclusion that the Legislature intended to protect the sibling of the criminal sexual conduct victim when it enacted subsection 5. We do not disagree with this conclusion. However, we believe that the trial court's reasoning impermissibly expands the statute's protection. As we have explained, the Legislature limited the situations in which the statute would apply by using the narrow terms. Moreover, the legislative history indicates that the Legislature intended that the statute apply in limited circumstances. Courts may examine the legislative history of an act to ascertain the reason for the act and the meaning of its provi-

sions. *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 391; 559 NW2d 98 (1996). In discussing the content of the bill, the legislative history states:

> The bill would amend the Child Custody Act to do the following:
>
> *          *          *
>
> generally prohibit a court from awarding custody or visitation of a child to a *biological parent* who had been convicted of criminal sexual conduct involving that child or his or her sibling. However, custody of the child victim or his or her sibling could be awarded to the offender with the agreement of both the child's parent and the child or sibling (providing the court considered the child or sibling old enough). [House Legislative Analysis, HB 4064, January 24, 1994 (emphasis added).]

Where the Legislature has unambiguously conveyed its intent in a statute, our role is to apply the terms of the statute to the circumstances in a particular case, not to impose different policy choices than those selected by the Legislature. *People v McIntire*, 461 Mich 147, 152-153; 599 NW2d 102 (1999). Here, the Legislature has clearly spoken, and the protections of subsection 5 do not apply to this case. Accordingly, the trial court erred in denying defendant's motion for parenting time with Jacob under MCL 722.27a(5); MSA 25.312(7a)(5).

In stating this holding, we emphasize that the only issue before this Court is the interpretation of MCL 722.27a(5); MSA 25.312(7a)(5). The trial court still must determine whether granting defendant parenting time would be in Jacob's best interest. MCL 722.27a(1); MSA 25.312(7a)(1); *Deal v Deal*, 197 Mich

App 739, 741-742; 496 NW2d 403 (1993). We remand this matter to the trial court for this purpose.

In light of our holding that subsection 5 does not apply to this case, we need not address defendant's argument that the trial court erred in retroactively applying the statute.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.