## CONSTANTINI v CONSTANTINI

Docket No. 102763. Submitted March 15, 1988, at Detroit. Decided April 28, 1988.

Franco Constantini brought an action in the Macomb Circuit Court seeking a judgment of divorce from Joann Constantini. The parties stipulated to a referral of the issue of child custody regarding their two minor children to the Macomb County Friend of the Court. A referee issued his report and recommendation on May 14, 1987, recommending custody be granted to plaintiff. Defendant filed written objections thereto on June 17, 1987, and a request for a de novo hearing on July 1, 1987. The trial court, John B. Bruff, J., found that the referee's report was sufficient to permit a custody determination and adopted the referee's findings regarding custody. A judgment of divorce was entered on July 27, 1987, and an amendment thereto on July 31, 1987, wherein it was ordered that custody be placed with plaintiff. The court denied defendant's motion for a de novo hearing on the issue of child custody on August 4, 1987. Defendant appealed.

The Court of Appeals *held:*

1. Defendant did not timely move for a de novo hearing of the referee's report. The circuit court properly denied defendant's motion as tardy.

2. A report of the friend of the court may be used in a child custody dispute where, as here, the parties agree to such use.

3. The circuit court, under the circumstances of this case, did not fail to state its findings on each of the best-interest-of-the-child factors enumerated in the Child Custody Act. Since the parties agreed to the admission of the referee's report and the report itself contained a detailed recitation of the relevant facts, as well as an exhaustive analysis of those facts in the context of the best-interest-of-the-child factors, it is clear that the court was well able to independently examine the tran-

REFERENCES

Am Jur 2d, Amicus Curial §§ 1, 2
Am Jur 2d, Divorce and Separation §§ 982 *et seq.*
See the Index to Annotations under Amicus Curiae; Custody and Support of Child; Parent and Child.

script and adopt the referee's findings. A repetition of the referee's findings in the court's order of custody, rather than a declaration of the adoption of those findings, was not required.

Affirmed.

1. PARENT AND CHILD — REFEREES — APPEAL.

The Friend of the Court Act provides that a court shall hold a de novo hearing on any matter that has been the subject of a referee hearing where a written request is made by either party within twenty-one days after the referee's recommendation is made available to that party (MCL 552.507[5]; MSA 25.176[7][5]).

2. PARENT AND CHILD — CHILD CUSTODY — FINDINGS OF FACT.

A trial court determining an issue of child custody between parents must consider and state its findings on each of the best-interest-of-the-child factors enumerated in the Child Custody Act; the failure to make specific findings is error requiring reversal (MCL 722.23; MSA 25.312[3]).

3. PARENT AND CHILD — REFEREES — FINDINGS OF FACT.

A report by a friend of the court referee may be admitted in evidence in a trial court in a child custody dispute where the parties agree to its admission; a trial court's declaration of its adoption of the referee's findings on each of the statutory best-interest-of-the-child factors is a proper statement of the court's findings on each factor and a repetition of the referee's findings in the trial court's order of custody is not required (MCL 722.23; MSA 25.312[3]).

*Lawrence A. Baumgartner,* for plaintiff.

*Jerald R. Lovell,* for defendant.

Before: WAHLS, P.J., and MAHER and G. S. AL-LEN,* JJ.

PER CURIAM. Defendant, Joann L. Constantini, appeals as of right from an August 4, 1987, order of the Macomb Circuit Court denying her motion for a de novo hearing on the issue of child custody. In a judgment of divorce entered on July 27, 1987,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

and in an amendment thereto dated July 31, 1987, the circuit court ordered that custody of the divorcing parties' two minor children, Alassia Constantini, nine years old, and Fabrizio Luca Constantini, eight years old, be placed with plaintiff, Franco Constantini, with liberal visitation rights being conferred to defendant. In this appeal, defendant argues that the circuit court erred in denying her request for a de novo hearing, in failing to personally interview the children, and in neglecting to articulate the factual and legal bases of its custody determination independent of the referee's report. We affirm.

First, defendant argues that the circuit court erred in denying her motion for a de novo hearing on the issue of child custody in the wake of a referee's recommendation that custody be placed with plaintiff. Defendant claims entitlement to such a hearing under MCL 552.507(5); MSA 25.176(7)(5), which provides:

> The court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court. The request of a party shall be made within 21 days after the recommendation of the referee is made available to that party under subsection (4), except that a request for a de novo hearing concerning an order of income withholding shall be made within 14 days after the recommendation of the referee is made available to the party under subsection (4).

Defendant cannot validly claim the right to a de novo hearing under this statute, however, because she herself failed to abide by its terms in omitting to request such a hearing "within 21 days after the recommendation of the referee [was] made available." The referee issued his forty-four-page

report and recommendation on May 14, 1987, after conducting seven days of hearings and personally interviewing the parties' children. On June 17, 1987—thirty-four days after the issuance of the referee's report—defendant filed written objections.[1] Those objections did not include a request for a de novo hearing, such request not being filed by defendant until July 1, 1987.

Since defendant's right to a de novo hearing is based on statute, it is also limited to the terms of the applicable statutory provision. Defendant's failure to timely move for a de novo hearing in the circuit court convinces us that the circuit court did not err in denying defendant's tardy request.

Next, defendant argues that the circuit court erred in failing to personally interview the parties' children and in neglecting to articulate the factual and legal bases of its custody determination independent of the referee's report. The parties in this case stipulated to a referral of the issue of child custody to the Macomb County Friend of the Court for the purpose of generating a report and recommendation, agreeing—as noted in the June 18, 1986, order for referee's hearing—that "any appeal from the Report and Recommendation of said Referee's Hearing shall be to [the Macomb Circuit Court] on the transcript with written memorandums and arguments of law referenced by transcript page and line number." In an opinion issued on June 17, 1987, the circuit court stated that it found the transcript of the referee hearings to be "sufficient to determine the issues raised by defendant," and therefore denied defendant's request to

---

[1] We note, with some consternation, that defendant's appellate counsel asserts in his brief that "[w]ritten objections to the conclusions in [the referee's] report were filed June 2, 1987, some 19 days later." The record clearly reflects, however, that defendant's objections, while dated June 2, 1987, were not filed with the court until June 17, 1987.

reopen the proofs. After its independent review of the transcript, the court accepted the referee's custody recommendation. Therefore, custody of the parties' children was placed in plaintiff, with defendant enjoying liberal visitation rights.

In determining an issue of child custody between parents, a court must consider and state its findings on each of the best-interest-of-the-child factors enumerated in the Child Custody Act. MCL 722.23; MSA 25.312(3). A failure to make specific findings is error requiring reversal. *Daniels v Daniels,* 165 Mich App 726, 730; 418 NW2d 924 (1988). A report by the friend of the court may be used as evidence if the parties agree to such use. *Nichols v Nichols,* 106 Mich App 584; 308 NW2d 291 (1981), lv den 411 Mich 1045 (1981). In the instant case, the parties agreed that the referee's report was admissible as evidence. The circuit court found that the report was sufficient to permit a custody determination. The court specifically noted that the referee had "reviewed the factors to be considered in child custody disputes, as set forth in the Child Custody Act ([MCL 722.23] MSA 25.312[3]), and recommends that permanent legal and physical custody of the parties' two minor children . . . vest in plaintiff . . . with defendant . . . [to be] granted liberal rights of visitation." After an independent review of the transcript generated at the hearings conducted by the referee, the court adopted the recommendation of the referee regarding custody.

We do not believe that, under the circumstances presented in this case, the circuit court can be said to have failed to state its findings on each of the best-interest-of-the-child factors enumerated in the Child Custody Act, including the factor regarding "[t]he reasonable preference of the child[ren]" emphasized by defendant on appeal, MCL 722.23(i);

MSA 25.312(3)(i), since the court expressly adopted the findings enunciated by the referee. Those findings are presented in detail in five pages in the referee's report. A repetition of the referee's findings in the court's order of custody, rather than a declaration of adoption of those findings, was not required. Since the parties agreed to the admission of the referee's report as evidence, and since the report itself contained a detailed recitation of the relevant facts, as well as an exhaustive analysis of those facts in the context of the best-interest-of-the-child factors, it is clear that the court was well able to independently examine the transcript and was not in any way precluded from adopting the referee's findings as its own. See *Stringer v Vincent,* 161 Mich App 429, 433; 411 NW2d 474 (1987).

Affirmed.