DOBRZENSKI v DOBRZENSKI

Docket No. 150498. Submitted August 3, 1994, at Lansing. Decided February 6, 1995, at 9:20 A.M.

Sandra K. Dobrzenski brought an action in the Genesee Circuit Court against Timothy Dobrzenski, seeking a judgment of divorce. The court, Donald R. Freeman, J., entered an order that granted a judgment of divorce and determined child custody and support. The defendant appealed from the portion of the judgment relating to the division of marital property, contending that he was denied due process of law.

The Court of Appeals *held:*

The parties did not receive due process of law. The judgment of divorce, the order of child custody, and the order of support are affirmed, but the property settlement award must be reversed and remanded for a rehearing before a different judge. The distribution of property on remand is to be made equitably on the basis of a finding of equal fault or no fault.

Affirmed in part, reversed in part, and remanded.

CAVANAGH, J., dissenting, stated that the defendant is not entitled to an evidentiary hearing de novo with regard to the property settlement award, because he failed to comply with the requirement of MCL 552.507(5); MSA 25.176(7)(5) that he submit a written request for a hearing de novo within twenty-one days after the recommendation of the referee was made available to him and because he stipulated the trial court's use of the transcripts of the referee's hearing in lieu of a new evidentiary hearing.

*Earl R. Spuhler,* for the plaintiff.

*D. Craig Henry,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH and M. J. SHAMO,* JJ.

MICHAEL J. KELLY, P.J. Defendant appeals as of

* Circuit judge, sitting on the Court of Appeals by assignment.

right from the portion of his judgment of divorce that relates to the division of marital property. We affirm in part, reverse in part, and remand.

On September 10, 1986, plaintiff filed a complaint seeking a divorce, and a judgment of divorce was entered on March 4, 1992. Whatever occurred between these dates is subject to conflicting interpretations, but we conclude that the parties did not receive due process of law. " 'Due process applies to any adjudication of important rights.' " *In re Brock,* 442 Mich 101, 110; 499 NW2d 752 (1993), quoting *In re LaFlure,* 48 Mich App 377, 385; 210 NW2d 482 (1973). It is a flexible concept calling " 'for such procedural protections as the particular situation demands.' " *Brock,* p 111, quoting *Mathews v Eldridge,* 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). Due process requires fundamental fairness, which involves consideration of the private interest at stake, the risk of an erroneous deprivation of such interest through the procedures used, the probable value of additional or substitute procedures, and the state or government interest, including the function involved and the fiscal or administrative burdens imposed by substitute procedures. *Brock,* p 111, citing *Mathews,* p 335.

Here, the proceedings got away from the court and rambled out of control. Issues were tried piecemeal, tossed back and forth between referee and judge, and complicated with multiple show cause hearings and motion hearings using four different court reporters, double reversal of findings by the court, twenty-three adjournments, lost records, substitutions of counsel, and partial hearings in propria persona. The record defies review.

In order to accord the parties rudimentary due process, we order bifurcation of the proceedings, reversing all aspects of the property settlement

award, which constitutes the heart of the dispute on appeal, while affirming and leaving intact the judgment of divorce, the order of custody, and the order of support. We remand for a rehearing of the property settlement division before a different circuit court judge. Because this was an eight-year marriage and the record supports the allegations of both parties regarding fault, we order that distribution be made equitably on the basis of a finding of equal fault or no fault.

While our treatment of this case is somewhat unusual, so was the hodgepodge treatment afforded this case below. MCR 7.216(A) confers on this Court the authority to remedy such situations. While we agree with the dissent that defendant may have caused some of the alleged errors, the compounded effect of the delays and irregularities leads us to the conclusion that a new hearing is necessary in the interest of justice to all parties. Our decision renders defendant's specific claims of error moot.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We retain jurisdiction.

M. J. SHAMO, J., concurred.

CAVANAGH, J. *(dissenting)*. I respectfully dissent, because I disagree with defendant's contention that he was entitled to an evidentiary hearing de novo before the circuit court. Not only did defendant fail to comply with the requirement of MCL 552.507(5); MSA 25.176(7)(5) that he submit a written request within twenty-one days after the recommendation of the referee was made available to him, *Constantini v Constantini*, 171 Mich App 466, 468-469; 430 NW2d 748 (1988), but he also stipulated the court's use of transcripts of the referee's hearings in lieu of a new evidentiary hearing.

Defendant claims the trial court abused its discretion by adjourning and postponing scheduled trial and hearing dates on approximately twenty-five occasions over a six-year period, citing MCL 552.508; MSA 25.176(8). However, that statute specifies time frames for dispositions of child or spousal support orders only, and makes no mention of any time frame for marital property distribution. Furthermore, while the numerous adjournments have undoubtedly tended to increase the confusion surrounding this case, part of the delay can be attributed to defendant's dilatory tactics, and defendant at no time objected to the adjournment of this matter because of the trial court's conflict with other trials.

I would affirm.