CUMMINGS v WAYNE COUNTY

Docket No. 168727. Submitted January 4, 1995, at Detroit. Decided
April 21, 1995, at 11:30 A.M.

Scott A. Cummings brought an action in the Wayne Circuit Court
against Wayne County, seeking damages for injuries allegedly
sustained in a fall on property owned by the defendant. The
trial court, Marvin R. Stempien, J., granted the defendant's
motion for dismissal with prejudice after finding that the
plaintiff, by death threats and acts of vandalism, had attempted
to extort favorable evidence from three witnesses named by the
defendant. The · plaintiff appealed and the defendant cross
appealed from orders denying its motions for summary disposi-.
tion and a directed verdict.

The Court of Appeals held:

Dismissal with prejudice was a proper sanction in this case.
A trial court has inherent authority to sanction misconduct.
The authority to dismiss a lawsuit pursuant to the clean hands
doctrine is applicable to both equitable and legal damages
claims. Although substantive distinctions between law and
equity survived the procedural merger of law and equity, the
distinction does not prevent a court of law from invoking the
clean hands doctrine when litigant misconduct constitutes an ·
abuse of the judicial process itself .and not just a matter of
inequity between the parties. The clean hands doctrine applies
not only for the protection of the parties but also for the
protection of the court. The dismissal in this case did not
violate the plaintiff's due process rights.

Affirmed.

1. COURTS — INHERENT AUTHORITY — SANCTIONS — MISCONDUCT OF
PARTIES — CLEAN HANDS DOCTRINE.

A court has inherent authority to sanction misconduct by liti-
gants; the authority to dismiss a lawsuit for litigant misconduct
is a creature of the clean hands doctrine and is applicable to
both equitable and legal damages claims; the substantive dis-

REFERENCES
Am Jur 2d, Constitutional Law § 813; Equity §§ 136-144.
See ALR Index under Clean Hands Doctrine; Due Process.

tinctions between law and equity that survived the procedural merger of law and equity does not prevent a court of law from invoking the clean hands doctrine when litigant misconduct constitutes an abuse of the judicial process.

2. Constitutional Law — Due Process — Civil Actions.

Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker; the opportunity to be heard does not require a full trial-like proceeding, but does require a hearing to allow the parties an opportunity to know and respond to the evidence.

*Jeffrey A. Ishbia & Associates, P.C.* (by *Peter L. Conway* and *David A. Monroe*), for the plaintiff.

*Jennifer M. Granholm,* Corporation Counsel, and *W. Steven Pearson,* Assistant Corporation Counsel, for the defendant.

Before: Jansen, P.J., and Michael J. Kelly and Hood, JJ.

Michael J. Kelly, J. Plaintiff appeals as of right an order of the circuit court dismissing his claim against defendant for personal injury. Defendant cross appeals as of right orders denying its motions for summary disposition and for a directed verdict.

Plaintiff was injured when he tripped over the remains of a metal post that protruded from a raised concrete entranceway to a public restroom. The post and concrete pad had once supported privacy screens that stood between the post and the wall of the restroom. At the time of the accident, the restroom was not in use, and there was evidence that it was padlocked.

Shortly before trial, defendant amended its witness list to add three witnesses for testimony regarding the extent of plaintiff's injuries. At the close of plaintiff's case, defendant moved for a

directed verdict under MCR 2.515, claiming that plaintiff had failed to produce evidence that the structure on which he tripped fell under the "public use" exception to governmental immunity. The trial court indicated that it would take the motion under advisement over the weekend. The court permitted full discovery of the new witnesses.

Meanwhile, the new witnesses experienced incidents of vandalism and received numerous telephone calls and threats that they would be killed if they testified. Upon reconvening the case, the trial court conferred with the attorneys. Following the conference, the trial court held an evidentiary hearing, during which extensive testimony was elicited and affidavits received from the witnesses regarding the threats and vandalism. These incidents were attributed to plaintiff. Defendant subsequently moved for dismissal with prejudice on the basis of witness tampering. It had stated its intent to bring such a motion at the conference. The trial court granted the motion. It also denied defendant's earlier motion for a directed verdict.

The central issue on appeal is whether dismissal with prejudice was a proper sanction. Plaintiff argues that the trial court lacked authority to impose such a drastic sanction. The trial court held that such authority was "inherent." It also found that plaintiff's actions justified the presumption that his claim lacked merit.

Plaintiff urges that Michigan court rules and statutes do not adequately address a court's authority to sanction the kind of misconduct in this case. However, it would be an absurd anomaly to recognize a court's authority to dismiss an action for lack of progress, see MCR 2.502, or for discovery abuses, see MCR 2.313, and yet leave the court impotent to control its own proceedings when they have been tainted by much more flagrant miscon-

duct. We believe the court has inherent authority to sanction misconduct.

The authority to dismiss a lawsuit for litigant misconduct is a creature of the "clean hands doctrine" and, despite its origins, is applicable to both equitable and legal damages claims. *Buchanan Home & Auto Supply Co v Firestone Tire & Rubber Co,* 544 F Supp 242, 244-245 (D SC, 1981). The authority is rooted in a court's fundamental interest in protecting its own integrity and that of the judicial process. *Id.* See also *Mas v Coca-Cola Co,* 163 F2d 505, 507 (CA 4, 1947). While this Court has recognized that substantive distinctions between law and equity survived the procedural merger of law and equity, see *Clarke v Brunswick Corp,* 48 Mich App 667, 669; 211 NW2d 101 (1973), we do not believe that the distinction prevents a court of law from invoking the "clean hands doctrine" when litigant misconduct constitutes an abuse of the judicial process itself and not just a matter of inequity between the parties. The "clean hands doctrine" applies not only for the protection of the parties but also for the protection of the court. *Buchanan Home, supra* at 244. "[T]ampering with the administration of justice . . . is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas Glass Co v Hartford-Empire Co,* 322 US 238, 246; 64 S Ct 997; 88 L Ed 1250 (1944). See also *Precision Instrument Mfg Co v Automotive Maintenance Machinery Co,* 324 US 806, 814-815; 65 S Ct 993; 89 L Ed 1381 (1945).

Although plaintiff contends that the cases cited by the trial court in support of the order of dismissal involved violations of specific court rules or orders, see, e.g., *Roadway Express, Inc v Piper,* 447

US 752; 100 S Ct 2455; 65 L Ed 2d 488 (1980),
plaintiff also concedes that at least one of these
cases recognized the inherent authority of courts
to sanction litigant misconduct, see *id.* at 764-765.
We note that "[b]ecause [these] inherent powers
are shielded from direct democratic controls, they
must be exercised with restraint and discretion."
*Id.* at 764. See also *Hanks v SLB Management,
Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991).

We do not believe the trial court's decision to
dismiss the action was the result of unrestrained
discretion or imprudence. The court clearly ac-
knowledged the harshness of the sanction and
balanced it against the gravity of plaintiff's mis-
conduct. The nature of the threats and the actual
vandalism committed permanently deprived the
court of the opportunity to hear the testimony of
witnesses who would be able to testify openly and
without fear. Dismissal under these circumstances
was not improper.

Nor was dismissal a violation of plaintiff's due
process rights. Due process in civil cases generally
requires notice of the nature of the proceedings,
an opportunity to be heard in a meaningful time
and manner, and an impartial decisionmaker. *Klco
v Dynamic Training Corp*, 192 Mich App 39, 42;
480 NW2d 596 (1991). The opportunity to be heard
does not mean a full trial-like proceeding, but it
does require a hearing to allow a party the chance
to know and respond to the evidence.

Here, plaintiff clearly was put on notice of de-
fendant's intent to move for dismissal when his
attorney attended the conference regarding the
alleged misconduct. The court noted that a new
and very serious issue had been interjected into
the case. The court conducted a hearing and found
that plaintiff attempted "to extort favorable evi-
dence by death threats." Plaintiff had a full oppor-

tunity to cross-examine the witnesses and argue his case to the court. Accordingly, plaintiff was not denied due process.

In light of our holding regarding the order of dismissal, we need not address the issues in defendant's cross appeal.

Affirmed.