Sawyer, J.
(concurring in part and dissenting in part). While I agree with the majority’s conclusions on the first two issues, I respectfully dissent from the remainder of their opinion.
I do not address the question whether the majority is correct that it is within the inherent authority of the trial court to impose sanctions for causing a mistrial, because I do not believe that the facts of this case support the imposition of monetary sanctions based on the conduct of plaintiff’s counsel. While I agree with the majority that the trial court did not abuse its discretion in granting a mistrial based on the question posed by counsel, I cannot agree that that conduct was so flagrant as to warrant the imposition of sanctions beyond the granting of a mistrial itself.
The cases in which such monetary sanctions have been imposed involved conduct akin to fraud or frivolous claims. For example, in Prince v MacDonald, 237 *646 Mich App 186; 602 NW2d 834 (1999), the defendant was sanctioned for filing a bankruptcy petition in bad faith to limit his personal liability in the principal litigation. Further, in Cummings v Wayne Co, 210 Mich App 249; 533 NW2d 13 (1995), this Court upheld a dismissal where the trial court found that the plaintiff engaged in witness tampering by means of threats. Similarly, in Carpenter v Consumers Power, 230 Mich App 547; 584 NW2d 375 (1998), the plaintiffs engaged in fraud with respect to the amount of damages, with the case being dismissed. It is interesting to note that in Carpenter, we specifically declined to hold that the trial court should have awarded monetary damages in addition to a dismissal with prejudice.
I simply do not accept that significant monetary sanctions are appropriate for the conduct in the case at bar. While the question was improper, it does not rise to the level of fraud or the like. Plaintiff offered a reason for asking the question, albeit a reason ultimately rejected by the trial court and this Court. I cannot, however, say that the reason proffered by plaintiff is so frivolous as to warrant sanctions (beyond mistrial). I further note that plaintiff had not been precluded from asking the question by an order in limine.
In short, I join the majority in their conclusions on the first two issues, but dissent from their conclusion that any monetary sanctions are appropriate under the facts of this case.