*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TANYA SHARP and MARK THOMASON,

        Plaintiffs,

and

GREENFIELD PHYSICAL THERAPY, PLLC,

        Intervening Plaintiff-Appellant,

and

FACT GROUP INC, doing business as
ESSENTIAL PHYSICAL THERAPY, REDFORD
SPINAL CARE PC, DEPENDABLE
TRANSPORTATION, INC., ZMC PHARMACY,
LLC, and VITAL COMMUNITY CARE,

        Intervening Plaintiffs,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
April 4, 2019

No. 340572
Wayne Circuit Court
LC No. 16-011979-NF

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In this suit involving the recovery of no fault personal protection insurance benefits (PIP benefits) from defendant Farmers Insurance Exchange, intervening-plaintiff Greenfield Physical Therapy, PLLC appeals by right the circuit court's order of dismissal, which dismissed the case with prejudice based on the insured plaintiffs Mark Thomason's and Tanya Sharp's repeated discovery violations. We affirm.

-1-

## I. BASIC FACTS

Plaintiffs were involved in an automobile accident in September 2015, and sustained bodily injuries requiring medical treatment. Neither plaintiff had a no-fault policy in effect at the time of the accident, so both sought benefits through the Michigan Assigned Claims Plan (MACP). The MACP assigned the claim to defendant. Defendant denied payment for some of the treatments plaintiffs obtained, including payment for rehabilitative treatment Thomason received from intervening-plaintiff between July 28, 2016 and December 28, 2016.[1] Approximately a year after the accident, on September 19, 2016, plaintiffs filed suit against defendant alleging that defendant had failed to pay the statutorily mandated no-fault coverage.

Plaintiffs' discovery abuses began soon after the suit was initiated. On defendant's motion to compel, in mid-December 2016, the circuit court entered a stipulated order requiring plaintiffs to provide "full and complete answers" to defendant's first set of interrogatories and requests to produce, including medical release authorizations, by January 27, 2017. Plaintiffs submitted answers to the interrogatories, but did not provide the authorizations. Consequently, by March 2017, defendant filed a motion to dismiss. In the interim, intervening-plaintiff had filed a motion to intervene, which the circuit court granted, and a complaint alleging that defendant had violated its statutory duty to provide no-fault benefits.

Around the same time, the circuit court, on another of defendant's motion to compel, entered an order compelling plaintiffs' attendance at independent medical examinations. Then, after three unanswered supplemental discovery requests and yet another motion to compel by defendant, the circuit court, on June 2, 2017, entered a stipulated order compelling discovery of these unanswered or incomplete requests by June 12, 2017 (hereinafter "June 2nd Order"). When plaintiffs did not comply with the June 2nd Order, defendant filed a renewed motion to dismiss. The circuit court denied the request for dismissal, but entered an order on July 18, 2017 requiring full and complete responses to defendant's outstanding discovery requests by July 21, 2017 and sanctioned plaintiffs $500 (hereinafter "July 18th Order").

When plaintiff failed to comply with the circuit court's July 18th Order, defendant filed a second renewed motion to dismiss. Defendant noted that plaintiffs had failed to produce discovery in violation of both the June 2nd Order and the July 18th Order, and that defendant had been forced to file numerous motions to compel and multiple motions to dismiss. After a hearing on the motion in early August 2017, the circuit court entered an order mandating that plaintiffs provide full and complete responses to outstanding discovery on or before August 11, 2017 and pay costs in the amount of $300 (hereinafter "August 11th Order"). The August 11th Order further provided that if plaintiffs failed to comply, the case would be dismissed with prejudice.

The next hearing date, August 18, 2017, was noticed for defendant's motion for summary disposition as to Sharp. At the hearing, the circuit court sua sponte inquired whether plaintiffs

---

[1] Thomason had $38,900 in unpaid fees for rehabilitative services from intervening-plaintiff. Sharp did not receive treatment from intervening-plaintiff.

had complied with its August 11th Order. Plaintiffs' counsel admitted that the $300 sanction had not been paid and defense counsel pointed out that the responses plaintiffs provided were simply re-signed, inadequate responses that defendant had already received. Consequently, the circuit court dismissed the entire case as to Thomason for the repeated discovery violations and failure to abide by the August 11th Order.[2]

Five days after the circuit court had dismissed the case with prejudice at the hearing, intervening plaintiff moved to amend its complaint, pointing out that it had received an assignment of Thomason's rights to pursue PIP benefits. The assignment, which intervening plaintiff attached to its motion, was dated August 22, 2017—four days after the court had already dismissed the case. Intervening-plaintiff also filed an objection to the proposed order of dismissal, asserting that dismissal was improper given that it had a valid assignment of plaintiff Thomason's rights.

The circuit court heard oral argument on the objections. Intervening-plaintiff argued that no motion against it had been noticed for the August 18th hearing, that it had complied with all discovery requests in the case, and that dismissal of its case was a violation of due process where it had a viable claim for PIP benefits against defendant. The circuit court rejected this argument, noting the Supreme Court had recently held in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 204-2018, 895 NW2d 490 (2017), that, under the plain language of the no fault act, medical providers have no independent cause of action against insurers for the recovery of PIP benefits; instead, such providers' recourse is against the insured. Thereafter, the circuit court entered an order of dismissal, dismissing the entire case with prejudice.

## II. DUE PROCESS

Intervening-plaintiff first argues that its due process rights were violated when the circuit court dismissed the entire case at the motion hearing noticed for a summary disposition motion against Sharp. According to intervening-plaintiff, it had no notice of the pending dismissal, nor did it have an opportunity to be heard. Whether constitutional due process has been satisfied is a legal question that we review de novo. *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005).

The Michigan and United States Constitutions forbid the state from depriving any person of life, liberty, or property without due process of law. Const 1963, art 1, § 17; US Const, Am XIV, § 1. "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). A full trial-like hearing is not required, but some type of hearing is necessary for a party to know and respond to evidence. *Id*.

---

[2] The circuit court granted defendant's summary disposition motion as to Sharp on the basis that Sharp had made material misrepresentations and, thus, was ineligible for PIP benefits. The court also predicated its dismissal with prejudice of Sharp's case on her repeated discovery violations.

Intervening-plaintiff's due process rights were not violated. At the August 18th hearing, the circuit court sua sponte inquired whether Thomason had complied with its latest discovery order from August 11th. In particular, the August 11th Order made clear that "the case" would be dismissed if plaintiffs did not satisfactorily provide discovery by August 11th and pay the $300 sanction. At this point in time, intervening-plaintiff knew, given the state of the law, that it could not obtain recovery from defendant if Thomason could not, meaning it had notice that its claim would be dismissed if Thomason's claim was dismissed.[3] Further, notice of Thomason's ongoing discovery abuses and the possibility of imminent dismissal of the entire case under the terms of the August 11th Order is reasonably imputed to intervening-plaintiff, given that it was an actively participating party in the ongoing litigation. Cf. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 668; 822 NW2d 190 (2012) (notice will be imputed if person using ordinary diligence should have been aware of certain facts). Intervening-plaintiff had notice, then, that dismissal of its case was imminent *any time* after August 11th in the instance that Thomason did not comply with the August 11th Order.

Even if there had been a failure in notice, however, that failure is rectified by the fact that intervening-plaintiff was permitted the opportunity to be heard. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486, 781 NW2d 853 (2009) (indicating that where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity to be heard on rehearing). Before the circuit court entered its written order of dismissal, intervening-plaintiff filed written objections to the order and was provided an opportunity to present oral argument at a hearing on the objections. There, intervening-plaintiff essentially argued that dismissal would violate its due process rights because it had a pending claim, and alternatively, that its claim survived the dismissal of Thomason's claim. The circuit court addressed the substantive merits, concluding under *Covenant* that intervening-plaintiff had no independent statutory right to sue defendant for the recovery of PIP benefits. While intervening-plaintiff asserts that it was not permitted to fully argue its objections, brief the matter, and provide evidence, due process does not require full trial-like proceedings.[4] *Cummings*, 210 Mich App at 253. No due process violation occurred in this case where intervening-plaintiff had sufficient notice that its claim was subject to dismissal and it was given an opportunity to be heard.

---

[3] *Covenant* was released approximately two months after intervening-plaintiff became a party to this case. *Covenant* recognized that medical providers' claims under the no-fault act are derivative of insureds' entitlement to PIP benefits. As such, intervening-plaintiff knew or should have known that: (1) it had no independent right to recovery against defendant; (2) its claim was derivative of Thomason's ability to obtain PIP benefits from defendant; and, consequently, (3) its ability to recover from defendant would rise and fall with Thomason.

[4] Intervening-plaintiff requests remand for an evidentiary hearing, citing *Traxler v Ford Motor Co*, 227 Mich App 276, 288-289; 576 NW2d 398 (1998). However, aside from counsels' disagreement over the meaning of the terms in the August 11th Order, intervening-plaintiff points to no such evidentiary concerns that would justify a remand for an evidentiary hearing. Thomason's counsel admitted Thomason had not complied with the order, failing to pay the $300 sanction and the record, on its face, supports that Thomason repeatedly failed to produce complete discovery.

## III. DISCOVERY SANCTIONS

Next, intervening-plaintiff argues that the circuit court erred by dismissing its claim for Thomason's discovery violations because intervening-plaintiff did not violate any discovery orders. Relying on unpublished caselaw, intervening-plaintiff further asserts that reversal is required because the circuit court did not consider the effect of dismissal on the health providers' claims and the circuit court did not evaluate lesser options on the record. We review for an abuse of discretion the circuit court's decision on a motion to dismiss for discovery violations. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010).

MCR 2.313(B)(2)(c) grants a circuit court the authority to dismiss a case for discovery sanctions. Dismissal, however, is a drastic sanction and dismissal should be granted only when other lesser sanctions are not appropriate. *Thorne v Bell*, 206 Mich App 625, 632-633; 522 NW2d 711 (1994). In determining whether dismissal is appropriate, courts consider the following non-exhaustive list of factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the [evidence or] witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990) (footnotes omitted).]

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Id.* at 32.

The record reflects that the circuit court gave careful consideration to these factors in determining that dismissal was the appropriate sanction, including the viability of lesser sanctions. Specifically, in its order denying reconsideration of the order of dismissal, the circuit court laid out its reasoning, noting that Thomason engaged in a willful pattern of non-cooperation and still had not provided complete discovery despite multiple orders to compel; that the court had tried numerous other lesser sanctions, including orders to compel graduating to monetary sanctions; that Thomason never offered a reason for his repeated lack of cooperation; and, that Thomason completely ignored the court's order that he pay sanctions. Ultimately, the court found that none of these lesser measures had compelled Thomason's cooperation, making dismissal appropriate under the circumstances. Consequently, the record does not support intervening-plaintiff's assertion that the circuit court failed to consider lesser sanctions.

Intervening-plaintiff further argues that the circuit court should have considered additional factors, including the effect of dismissal on the intervening healthcare providers and

the fact that intervening-plaintiff did not violate any discovery orders. In support, intervening-plaintiff relies on an unpublished case from this Court that was decided before *Covenant*. However, while Michigan courts may have allowed healthcare providers to maintain a direct action against an insurer for recovery of the insured's PIP benefits before *Covenant*, *Covenant* made clear that healthcare providers no longer have this right. See *Covenant*, 500 Mich at 217-218. Dismissal of the insured's claim against the insurer had no effect on the healthcare provider's right to recovery, as *Covenant* made clear that a healthcare provider's recourse is against the insured, and consideration of this fact is irrelevant in determining whether dismissal was an appropriate discovery sanction against the insured. That intervening-plaintiff did not engage in discovery abuses is immaterial for this same reason. Given that the circuit court carefully considered the relevant factors in determining whether dismissal was an appropriate sanction, it did not abuse its discretion by ordering that the case be dismissed with prejudice.

## IV. LEAVE TO AMEND

Finally, intervening-plaintiff argues that the circuit court abused its discretion by denying it leave to amend its complaint. We disagree. Intervening-plaintiff points out that it received a valid assignment from Thomason and asserts that leave should have been granted given the circuit court's error in dismissing intervening-plaintiff's claim against defendant based on Thomason's discovery violations. A circuit court's decision on a motion to amend the pleadings is reviewed for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013).

As previously explained, dismissal of intervening-plaintiff's case based on Thomason's discovery abuses was not in error, given that intervening-plaintiff has no statutory right to an action against defendant and its entire claim is derivative of Thomason's right to recover against defendant. Given that Thomason assigned his rights to intervening-plaintiff *after* the claim had been dismissed with prejudice, the assignment, in effect, assigned intervening-plaintiff no right to pursue an action against defendant. It follows that denial of leave to amend was proper because Thomason had no rights against the insurer to assign. Futility is a valid reason for denying a motion to amend. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014). Thus, the circuit court did not abuse its discretion by denying intervening-plaintiff's motion to amend the pleadings.

Affirmed.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly