*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JH,

Petitioner-Appellee,

UNPUBLISHED
January 14, 2020

v

JPH,

Respondent-Appellant.

No. 345589
Oakland Circuit Court
Family Division
LC No. 2018-865029-PP

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the ex parte personal protection order (PPO) issued against him, the first amended PPO issued against him, the order denying his motion to terminate the PPO, and the order denying his motion for reconsideration of the order denying his motion to terminate the PPO. We affirm in part, and reverse and remand in part for proceedings consistent with this opinion.

## I. RELEVANT FACTUAL BACKGROUND

The parties were married in 2005, divorced in 2013, and have one minor child. This case arises from a domestic-relationship ex parte PPO issued against respondent in 2018, which prohibited him from possessing a firearm, and suspended his parenting time. Respondent has a concealed pistol license (CPL), and owns a gun. Respondent filed a motion to amend the PPO, which the court granted, in part, to resume his parenting time, but denied, in part, regarding his ability to possess a gun. Respondent also filed a motion to terminate the PPO, and the court held an evidentiary hearing. Petitioner testified regarding several incidents of domestic violence and sexual abuse during and after the parties' marriage, as well as the more recent incidents that led petitioner to seek the PPO. Although respondent denied all of the allegations, the court found petitioner's testimony credible, and denied respondent's motion to terminate the PPO. The court also denied respondent's motion for reconsideration of the order denying his motion to terminate. This appeal followed.

-1-

## II. ENTRY AND CONTINUATION OF THE PPO

Respondent first argues that petitioner failed to satisfy the burden of proof for entry of the PPO and continuance of the PPO because of insufficient evidence. We disagree.

A PPO is an injunctive order. *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). Therefore, the trial court's determination whether to issue a PPO is reviewed for an abuse of discretion. *Id*. "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Id*. The trial court's findings of fact underlying its decision to issue a PPO are reviewed for clear error, and questions of statutory interpretation are reviewed de novo. *Id*.

As noted, a PPO is an injunctive order issued by the circuit court. MCL 600.2950(30)(d). "[A]n ex parte PPO constitutes a 'restraining order granted without notice' under MCR 3.310(B)(5), because it is issued ex parte and restrains a respondent from committing certain acts." *Pickering v Pickering*, 253 Mich App 694, 659 NW2d 649 (2002). "In cases in which an ex parte order is sought, the petitioner must show that the danger is imminent and that the delay to notify the respondent is tolerable or in itself dangerous." *Kampf v Kampf*, 237 Mich App 377, 385; 603 NW2d 295 (1999).

Domestic-relationship PPOs are issued under MCL 600.2950, and require the presence of a domestic relationship as defined under the statute.[1] *TM v MZ*, 501 Mich 312, 316; 916 NW2d 473 (2018). Under MCL 600.2950(4), the trial court must issue a PPO if it finds that "there is reasonable cause to believe that the individual to be restrained or enjoined may commit [one] or more of the acts listed in subsection (1)." These acts include, among others, entering onto premises, assaulting or attacking, threatening to kill or injure, removing children, purchasing or possessing a firearm, interfering at the petitioner's workplace, and "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." MCL 600.2950(1)(a)–(l). The petitioner bears the burden of proof to establish reasonable cause for the issuance of a PPO. *Hayford*, 279 Mich App at 326. The petitioner also bears the burden to establish justification to continue the PPO at a hearing on a respondent's motion to terminate the PPO. *Id*. "The trial court must consider the testimony, documents, and other evidence proffered and whether the respondent had previously engaged in the listed acts." *Id*., citing MCL 600.2950(4).

Initially, we note that although the PPO in this case expired on July 17, 2019, this issue is not moot. An issue is not moot if the judgment could "have collateral legal consequences for a defendant." *Mead v Batchlor*, 435 Mich 480, 486; 460 NW2d 493 (1990), abrogated on other grounds by *Turner v Rogers*, 564 US 431; 131 S Ct 2507; 180 L Ed 2d 452 (2011). As will be discussed more fully herein, a PPO is entered into the Law Enforcement Information Network

---

[1] Although respondent argues that petitioner failed to demonstrate the elements necessary for stalking, the PPO was issued under MCL 600.2950 because the parties were in a domestic relationship at one time, not MCL 600.2950a(1), which governs PPOs issued to prevent stalking.

(LEIN)[2], and there is no statutory provision providing its removal after the PPO expires. MCL 600.2950(16) and (17). Respondent asserts that the PPO entry in the LEIN inhibits his ability to obtain work as a security guard. Therefore, the issue will continue to have collateral legal consequences for respondent, and is not moot. See *Mead*, 435 Mich at 486; *Hayford*, 279 Mich App at 325 (holding that the issue of PPO termination was not moot despite the expiration of the PPO because the respondent stood to lose a weapons license required for his job).

Respondent argues on appeal that the trial court erred in entering, and failing to terminate, the PPO issued against him because the conduct alleged by petitioner did not rise to the level of conduct necessary to establish "reasonable cause" for issuance of the PPO. However, contrary to respondent's argument, we conclude that there was testimony presented at the hearing on respondent's motion to terminate the PPO which demonstrated reasonable cause to believe that respondent engaged in conduct that caused petitioner a reasonable apprehension of violence. MCL 600.2950(1)(l).

The trial court was able to consider whether respondent previously committed or threatened to commit an act listed in MCL 600.2950(1). MCL 600.2950(4)(b); *Hayford*, 279 Mich App at 326. Petitioner testified regarding several instances of domestic violence during the parties' marriage. She testified that she was too afraid to call the police, and worried about being without a support system when the parties lived in Georgia. Petitioner testified that respondent raped her after the parties divorced. She testified that she did not tell her current boyfriend in fear of him leaving her when she was pregnant with their child. Although there was seemingly a period of a calm between the parties, petitioner alleged several incidents beginning in 2018, in which respondent sent petitioner harassing texts, took the parties' minor child out to dinner without notifying petitioner, and insulted petitioner in the court house elevator.

Respondent denied petitioner's allegations below, and continues to assert on appeal that petitioner's testimony was unreliable. However, the trial court found the testimony of petitioner to be credible, and this Court "affords great deference to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Lumley v Bd of Regents for Univ of Mich*, 215 Mich App 125, 135; 544 NW2d 692 (1996); see also *Pickering*, 253 Mich App at 702. "[A]n appellate court may not weigh the evidence or the credibility of witnesses." *Brandt v Brandt*, 250 Mich App 68, 74; 645 NW2d 327 (2002). Therefore, because respondent's argument is not sufficient to overcome the trial court's discretion, this Court will defer to the trial court's determination regarding the credibility of petitioner's testimony.

This Court has also noted that "PPOs can be inappropriately utilized in a divorce or custody proceeding by parties attempting to obtain some perceived advantage," but "trial courts are well positioned to determine if a party is acting in such an inappropriate fashion" because "the trial court is in the best position to determine the credibility of the parties, which will obviously include the testimony, demeanor, and motive of the petitioner." *Pickering*, 253 Mich

---

[2] *TM v MZ*, 326 Mich App 227, 224 n 4; 926 NW2d 900 (2018) (defining "Law Enforcement Information Network").

App at 702 n 3. Here, the trial court noted the parties' concurrent involvement in custody proceedings regarding the parties' minor child. The court noted that petitioner recently requested child support, the amount was objected to by respondent, and the amount awarded was ultimately decreased. It was not an abuse of discretion for the trial court to consider the parties' involvement in the custody matter when making its decision whether to terminate the PPO. *Id.*

On the basis of the foregoing, we conclude that the trial court did not abuse its discretion in entering the PPO against respondent, or in refusing to terminate the PPO.

## III. DUE-PROCESS RIGHTS–NOTICE AND OPPORTUNITY TO DEFEND

Respondent also argues that he was deprived of due process because he had no notice of the petitioner's allegations of physical and sexual violence before the hearing on his motion to terminate the PPO, and therefore, respondent lacked an opportunity to present a meaningful defense. Respondent also argues that the trial court erred in prohibiting him from possessing or carrying a firearm. We address each of respondent's arguments in turn.

Respondent first asserted that he lacked notice and an opportunity to defend against petitioner's allegations of domestic violence in his motion for reconsideration of the order denying his motion to terminate the PPO. An issue raised for the first time in a motion for reconsideration is not properly preserved for appeal. *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 316; 885 NW2d 892 (2015). Therefore, this issue is not preserved. *Id*. Respondent did not argue that the trial court erred in its decision to prohibit respondent from possessing a gun in his motion for reconsideration, or otherwise in the trial court, after the August 14, 2018 hearing wherein the trial court made this decision. Because an issue must be raised, addressed and decided by the trial court to be preserved on appeal, *Lenawee Co v Wagley*, 301 Mich App 134, 164; 836 NW2d 193 (2013), and respondent did not raise this argument in the lower court, it is also unpreserved.

Although the general rule is that constitutional claims of due-process violations are reviewed de novo, *Kampf*, 237 Mich App at 381, review of unpreserved issues is limited to plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Because respondent raised these due-process arguments for the first time in his motion for reconsideration, the issue is unpreserved and subject to plain error analysis. *Kern*, 240 Mich App at 336. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted). An error affects substantial rights if it causes prejudice, meaning, it affects the outcome of the proceedings. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). Respondent's unpreserved issue regarding the trial court's decision on his ability to possess a gun is also reviewed for plain error. *Kern*, 240 Mich App at 336.

Due process enforces the rights enumerated in the Bill of Rights, and includes both substantive and procedural due process. *Kampf*, 237 Mich App at 381-382. Procedural due process serves as a limitation on government action, and requires the government to institute safeguards in proceedings that affect those rights protected by due process, including life, liberty, or property. *Id*. at 382. Due process is a flexible concept applied to any adjudication of

important rights. *Thomas v Pogats*, 249 Mich App 718, 724; 644 NW2d 59 (2002). The procedural protections, which include fundamental fairness, are based on what the individual situation demands. *Id*. Fundamental fairness includes: (1) consideration of the private interest at stake; (2) the risk of an erroneous deprivation of such interest through the procedures used; (3) the probable value of additional or substitute procedures; and (4) the interest of the state or government, including the function involved and the fiscal or administrative burdens imposed by substitute procedures. *Dobrzenski v Dobrzenski*, 208 Mich App 514, 515; 528 NW2d 827 (1995). In civil cases, due process generally requires notice of the nature of the proceedings, a meaningful time and manner to be heard, and an impartial decision maker. *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). The opportunity to be heard does not require a full trial-like proceeding. *Id*. However, it does require a hearing such that a party has the chance to learn and respond to the evidence. *Id*.

Respondent has not demonstrated a violation of his due-process rights, and therefore, has not demonstrated a plain error affecting his substantial rights. Respondent asserts that he was unaware of petitioner's claims of domestic violence before she testified at the August 14, 2018 hearing, and therefore had no notice of such claims, or a sufficient opportunity to defend against those claims. However, petitioner's current boyfriend wrote a statement attached to petitioner's petition for a PPO, indicating that petitioner informed him of "many stories of extreme physical and verbal abuse from when [petitioner] and the respondent were married." Although the petition did not detail the incidents of domestic violence that petitioner testified about at the hearing, respondent did have notice of petitioner's claims of domestic violence.

Additionally, procedural safeguards are included in the statute governing PPOs. MCL 600.2950(13) allows a respondent to file a motion to rescind a PPO within 14 days of being served with notice or receiving actual notice of the PPO, and MCL 600.2950(14) requires the court to schedule a hearing on the motion within five or 14 days, depending on whether the PPO enjoined the respondent from purchasing and possessing a firearm. The statute and the court rules provide for notice and an opportunity to be heard. See MCL 600.2950(13), (14), (18); MCR 3.705(A)(4); MCR 3.707(A). This Court has determined that these procedural safeguards are sufficient to protect a respondent's right to procedural due process. *Kampf*, 237 Mich App at 383-386.

Respondent properly filed a motion to terminate the PPO. MCR 3.707(A)(1)(b). At the August 14, 2018 hearing, respondent was able to challenge every proscription contained within the PPO. He testified as to his version of the specific allegations within the petition. Respondent had the opportunity to cross-examine petitioner regarding the allegations of domestic violence brought to respondent's attention for the first time that day. He was also able to testify regarding these allegations, and his defense was to deny that they occurred. Moreover, respondent is unable to show any prejudice arising out of lack of notice or lack of opportunity to defend, and therefore, he cannot establish plain error affecting his substantial rights. *Kern*, 240 Mich App at 336. Thus, his argument lacks merit.

Respondent also argues that the trial court erred when it stated that it had to automatically prohibit respondent from possessing a firearm if it continued the PPO. We agree.

Respondent had a CPL, and owned a gun. In her petition for the PPO, petitioner requested that the court prohibit respondent from purchasing or possessing a firearm. In the verified statement accompanying the petition, petitioner indicated that respondent had a license to carry a firearm, but was not employed or training for a position that required him to carry a firearm. Respondent was prohibited from possessing a firearm in the ex parte PPO, so he filed a motion to amend. At the August 8, 2018 hearing on respondent's motion to amend the PPO, the court stated:

> I'm not making [a] determination about the weapon yet, because in order to do that, I have to actually determine whether the PPO should continue.
>
> If it continues, I do not have discretion to say that you may possess a weapon. That is a statutory rule and I don't have discretion to say, "Here's a PPO, but you—you can have your gun." That's—that's up to the legislature. Okay?

MCL 600.2950(2) provides, in relevant part, "[i]f the respondent is a person who is issued a license to carry a concealed weapon and is required to carry a weapon as a condition of his or her employment, . . . the petitioner shall notify the court of the respondent's occupation before issuance of the personal protection order. This subsection does not apply to a petitioner who does not know the respondent's occupation." This Court has held that this statute "is a reasonable exercise of the state's police power because it allows the trial court to 'make a judgment' regarding whether and to what extent the PPO should include a restriction on the right to bear arms." *IME v DBS*, 306 Mich App 426, 441; 857 NW2d 667 (2014), citing *Kampf*, 237 Mich App at 383 n 3.

Here, the trial court committed a plain legal error when it stated that it was statutorily bound to prohibit respondent from possession a firearm, and therefore reverse its determination on this issue. Indeed, whether respondent should be prohibited from possessing a firearm upon the issuance of a PPO against him is a matter within the trial court's discretion, as he had been issued a CPL, and was required to carry a weapon as a condition of his employment. *Id*. Given this plain legal error, we are compelled to remand this matter to the trial court for the limited purpose of allowing the trial court to determine whether, within its discretion, respondent shall be prohibited from possessing a firearm despite the fact that he has been issued a CPL and, at the time that the PPO took effect, was required to carry a weapon as a condition of his employment.

## IV. DUE-PROCESS RIGHTS–PPO IN THE LEIN

Finally, respondent argues that his due-process rights continue to be violated where the PPO information remains on the LEIN, even after the PPO's expiration. However, respondent raises this due process argument regarding the PPO information in the LEIN for the first time on appeal, and therefore we consider it forfeited and decline to address it. See *Dep't of Environmental Quality*, 314 Mich App at 318, where this Court concluded that it "need not address an issue that is raised for the first time on appeal because it is not properly preserved for appellate review. Because [respondent] failed to raise this issue below, we consider it forfeited."

Affirmed in part, reversed, and remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens