*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICE MCLAURIN,

        Plaintiff/Counterdefendant-Appellant,

UNPUBLISHED
October 15, 2020

v

SHERMAN MILES,

        Defendant/Counterplaintiff-Appellee.

No. 348022
Wayne Circuit Court
LC No. 18-014648-CH

Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Plaintiff/counterdefendant (plaintiff) appeals as of right the circuit court's order dismissing her case against defendant/counterplaintiff (defendant). We affirm.

Plaintiff rented property from defendant. Eventually, their landlord-tenant relationship soured, plaintiff stopped paying rent, and defendant filed eviction proceedings against plaintiff. After a hearing, the district court entered an order permitting defendant to apply for an order of eviction to evict plaintiff if she had not moved out of the property by June 25, 2018. When defendant's wife visited the property on June 14, 2018, she observed that plaintiff had moved all of her possessions out of the home. She took photographs confirming this. Defendant's wife testified that she repeatedly tried to contact plaintiff to confirm that she had moved, but plaintiff "wouldn't respond." Defendant's wife went to the property again on June 17, 2018, and observed there was still no sign of plaintiff. Again, defendant's wife took pictures showing that plaintiff had moved out all of her belongings except for some bags in the property's basement. Defendant informed plaintiff on June 21 that he intended to change the locks on the property on June 27, and did so on that day. Plaintiff thereafter returned to the property and had the locks changed herself, but did not move back into the property. After that, defendant changed the locks again, which ultimately led to this suit.

As relevant to this appeal, plaintiff's complaint alleged violation of the anti-lockout statute, MCL 600.2918. After conducting an evidentiary hearing, the trial court concluded that defendant did not violate the anti-lockout statute because plaintiff had already moved out when he changed the locks. This appeal followed.

On appeal, plaintiff argues that the circuit court erred when it dismissed plaintiff's case because defendant was required to obtain an order of eviction before changing the locks, and that her due-process rights were violated when the circuit court dismissed her case. We disagree.

The anti-lockout statute, MCL 600.2918, provides in relevant part:

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:
>
> * * *
>
> (c) Changing, altering, or adding to the locks or other security devices on the property without immediately providing keys or other unlocking devices to the person in possession.
>
> * * *
>
> (3) An owner's actions do not unlawfully interfere with a possessory interest if any of the following apply:
>
> * * *
>
> (c) The owner . . . believes in good faith that the tenant has abandoned the premises, and after diligent inquiry has reason to believe the tenant does not intend to return, and current rent is not paid.

By its plain terms, MCL 600.2918(2)—which prohibits a landlord from changing the locks to a property without providing keys to the tenant—is subject to MCL 600.2918(3). The trial court appeared to hold that MCL 600.2918(2) was not applicable because the exception in MCL 600.2918(3)(c) applied. That is, the trial court found that defendant believed in good faith that plaintiff had abandoned the premises, and after diligent inquiry had reason to believe that plaintiff did not intend to return, and current rent had not been paid.

These findings were supported by ample evidence. Defendant obtained an order in district court instructing him to file for an order of eviction if plaintiff had not vacated the property by June 25, 2018. In an apparent attempt to avoid having an order of eviction entered against her, plaintiff vacated the property by June 14, 2018. This was supported by defendant's wife's testimony and the photographs taken of the home showing that plaintiff had moved all of her belongings out of the home as of that date. Defendant's wife further testified that she tried to contact plaintiff to confirm that she had moved, but plaintiff would not respond. When defendant's wife returned to the home on June 17, 2018, she observed that plaintiff had still not brought any of her belongings back into the home, which was again confirmed by photographs. Defendant then informed plaintiff that he intended to change the locks on June 25, 2018, and did so. Based on defendant's wife's testimony that plaintiff had moved all of her belongings out of the property by June 14, 2018, and the photographs depicting the same, defendant had a good faith belief that plaintiff had abandoned the

premises. Defendant's efforts of repeatedly checking the premises to ensure that plaintiff had not returned and attempting to contact plaintiff to confirm that she had moved, sufficiently supported the trial court's finding that defendant, after diligent inquiry, had reason to believe that plaintiff did not intend to return to the property. No one contests that plaintiff's rent was not current when defendant changed the locks, so the evidence amply supported the trial court's decision that the exception to the anti-lockout statute in MCL 600.2918(3)(c) applied. And because MCL 600.2918(3)(c) applied, the trial court properly dismissed plaintiff's anti-lockout-statute claim.[1]

As for plaintiff's due process argument, "[d]ue process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and an impartial decisionmaker." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). "The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence." *Id*.

In response to plaintiff's complaint, defendant requested the circuit court dismiss plaintiff's case, so plaintiff had notice of defendant's intent to move for dismissal. Plaintiff moved for the evidentiary hearing in this case, and, therefore, clearly had notice of the hearing that took place. At the evidentiary hearing, plaintiff was represented by counsel and had the opportunity to testify. That plaintiff had an attorney in the circuit court, had notice of the evidentiary hearing, and attended the hearing at which she testified, all establish that she had notice of the nature of the proceedings and an opportunity to hear and respond to the evidence in the case at a hearing in front of an impartial decision-maker. Thus, plaintiff's due-process rights were not violated.[2]

Affirmed.


/s/ Michael F. Gadola
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

---

[1] In addition to her anti-lockout claim, plaintiff brought claims for breach of the covenant of quiet enjoyment, violation of the Michigan Consumers Protection Act, and conversion. Because plaintiff had moved out of the home by June 14, 2018, and defendant was entitled to change the locks, the trial court properly dismissed all of these additional claims.

[2] Plaintiff also appears to challenge the trial court's denial of plaintiff's motion for possession pending judgment. For this argument, however, plaintiff does not cite any caselaw or otherwise explain how the trial court erred, thereby waiving the issue on appeal. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (Quotation marks and citation omitted.) While we are sympathetic to the fact that plaintiff is representing herself on appeal, it is simply not this Court's role to act as a litigant, crafting arguments and searching for authority to arrive at a party's desired result. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow.").